

**Court Of Appeals**

**Fourth Court of Appeals District of Texas**
**San Antonio**

★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00859-CV

**PACIFIC EMPLOYERS INSURANCE COMPANY**,
Appellant

v.

Bill **HIBDON**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-05050
Honorable Lori Massey, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:    April 29, 2009

REVERSED AND RENDERED

This is an appeal from a judgment affirming a portion of a decision by the Appeals Panel of

the Texas Workers' Compensation Commission (TWCC), which found Pacific Employers Insurance

Company ("Pacific") had waived its right to contest the compensability of a worker's claimed

---

[1] The trial was held before the Honorable Karen Pozza, judge of the 407th Judicial District Court, and she orally rendered judgment. However, the written judgment was signed by the Honorable Lori Massey, former judge of the 288th Judicial District Court.

injury.[2] Pacific appeals, raising three issues contesting the trial court's judgment. We reverse the trial court's judgment and render judgment in favor of Pacific.

## BACKGROUND

In 2002, William Hibdon claimed he suffered an on-the-job injury. Hibdon reported his alleged injury to his employer, which contacted its insurance carrier, Pacific. Two days after it received notice, Pacific filed its notice of refusal to pay (TWCC-21) with the TWCC, contesting the compensability of Hibdon's claim, and sent the same form to Hibdon, albeit to the wrong address. At the contested case hearing, Hibdon claimed Pacific had waived its right to contest compensability because Hibdon had not received the notice of refusal within seven days of the date Pacific received notice of the injury, as he contends was required by the version of section 409.021(a) of the Texas Labor Code in effect at the time of Hibdon's alleged injury.[3] *See* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1195, codifying Act of December 12, 1989, 71st Leg., 2d C.S., ch. 1, § 5.21(a), 1989 Tex. Gen. Laws 1, 51 (effective Jan. 1, 1991) (stating that "not later than the seventh day after the date on which an insurance carrier receives written notice of an injury, the insurance carrier shall . . . notify the commission and the employee in writing of its refusal to pay . . . ."). The hearing officer disagreed, finding Pacific had not waived its right to contest compensability because it timely mailed the notice and Hibdon timely received it. The hearing officer also concluded Hibdon did not sustain a compensable injury and had no disability. An

---

[2] The TWCC was abolished effective September 1, 2005, with its functions transferred to a new division of the Texas Department of Insurance. *Sw. Bell Tel., L.P. v. Mitchell*, 276 S.W.3d 443, 444 n.3 (Tex. 2008) (citing Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 1.003, 8.001, 2005 Tex. Gen. Laws 469, 470, 607-08).

[3] All references to section 409.021(a) of the Texas Labor Code are to the version in effect at the time of Hibdon's alleged injury. *See Mitchell*, 276 S.W.3d at 445 (referring to version of section 409.021(a) in effect at the time of worker's alleged injury).

appeals panel for the TWCC agreed with the hearing officer's determinations on injury and disability, but disagreed with the finding on waiver, and held Pacific failed to timely send notice that it was refusing to pay to Hibdon at the correct address, thereby waiving its right to contest compensability.

Pacific filed suit in the district court, challenging the appeals panel finding of waiver. No other findings by the appeals panel were challenged by Pacific or Hibdon. The matter was tried to the court, which found Pacific had mailed its notice of refusal to the wrong address, and Hibdon did not receive it within the statutorily-required seven days. The trial court concluded section 409.021(a) required that Hibdon actually receive the written notice of refusal no later than seven days after Pacific received written notice of the alleged injury. The trial court rendered judgment in favor of Hibdon, affirming the appeals panel decision on waiver. Pacific filed this appeal.

### ANALYSIS

In its first issue, Pacific argues the trial court erred in concluding section 409.021(a) required Hibdon to receive Pacific's written notice of refusal no later than seven days after Pacific received written notice of Hibdon's injury. We agree.

After the briefs in this case were filed, and the matter was submitted to this court, the Texas Supreme Court issued its opinion in *Sw. Bell Tel. v. Mitchell*, 276 S.W.3d 443 (Tex. 2008). In *Mitchell*, the supreme court held the failure of a workers' compensation insurer to either begin paying benefits or give written notice of its refusal to do so within the seven day deadline of section 409.021(a) did not waive the insurer's right to contest the compensability of the worker's injury. 276

S.W.3d at 448.[4] If an insurer does not waive its right to contest compensability by failing to *send* notice of refusal within the seven day period, then per force it cannot waive the right to contest compensability if the worker fails to *receive* it within the seven day period.[5] *See id.* Accordingly, the trial court erred as a matter of law in concluding Pacific waived compensability because Hibdon did not receive Pacific's notice of refusal to pay within seven days of the date Pacific received notice of Hibdon's injury.

## CONCLUSION

We sustain Pacific's first issue. Because our sustaining of the first issue is dispositive of the appeal, we need not address Pacific's remaining issues. We reverse the trial court's judgment and render judgment in favor of Pacific, holding it did not waive its right to contest compensability. Given that the TWCC hearing officer and the appeals panel both found Hibdon neither sustained a compensable injury nor had a disability, and the findings were not contested in the trial court, Hibdon is not entitled to the payment of any benefits.

Steven C. Hilbig, Justice

---

[4] *Mitchell* overruled *Continental Cas. Co. v. Downs*, which held section 409.021(a) precluded a insurer from contesting the compensability of a worker's injury unless the insurer, within seven days of receiving notice of injury, either began to pay benefits or gave written notice of its refusal to do so. 81 S.W.3d 803, 804, 807 (Tex. 2002).

[5] Hibdon does not argue that he did not receive Pacific's notice of refusal within sixty days of the date Pacific received notice of the injury. *See* TEX. LABOR CODE ANN. § 409.021(c) (Vernon 2006) (stating that if insurance carrier does not contest compensability of injury on or before 60th day after date on which insurance carrier is notified of injury, carrier waives right to contest compensability). Accordingly, section 409.021(c) is not implicated.